# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TAMRA L. BAXTER <br><br> Defendant. | 8:18CV542 <br><br> DEFAULT JUDGMENT |

This matter is before the Court on Plaintiff's Motion for Default Judgment, ECF No. 17. For the reasons stated below, the Motion will be granted.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1, and are unchallenged by the Defendant.

Acting through Rural Housing Service (RHS), an agency of USDA, Plaintiff made a Rural Housing Loan to Defendant Tamra L. Baxter on or about November 29, 2001. Baxter signed a promissory note and promised to pay to RHS the sum of $95,000.00 with interest at the rate of 6.875 percent. In consideration for this loan, Baxter granted to RHS a purchase-money security interest in the form of a Real Estate Trust Deed covering the following property:

> **Lot Five (5) in Highview Addition to Springfield, an Addition to the City of Springfield, as surveyed, platted, and recorded in Sarpy County, Nebraska**

ECF No. 18-1, Page ID 49-50. The Trust Deed was recorded in the Office of Register of Deeds of Sarpy County, Nebraska, on December 4, 2001.

As of May 14, 2019, RHS claims it is owed, pursuant to the provisions of the liability and security instruments described above, a total balance of $166,702.65 plus costs and interest. The total sum includes $96,645.74 in total principal and $26,002.39 in total interest as of May 14, 2019. RHS also claims it is owed interest accruing thereafter at the daily rate of $18.1912 per day to the date of judgment in this case together with interest at the legal rate thereafter; $44,054.52 in interest credit or subsidy subject to recapture; and the costs of this action.

The interests of the Defendant are junior and inferior to the interests of the Plaintiff.

On February 14, 2019, the Court granted the Plaintiff's request for service by publication on Defendant. The Plaintiff published notice of this action, as required by the Court's order. ECF No. 13. To date, Defendant had not answered or otherwise appeared. On May 13, 2019, the Clerk of Court entered default against Defendant. ECF No. 16.

**STANDARD OF REVIEW**

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977)) (per curiam). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray*

*v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688 (3d ed 1998)).

**DISCUSSION**

The Court concludes that the Complaint states a legitimate cause of action and the Plaintiff is entitled to default judgment. Defendant has been served according to the Federal Rules and the Court's orders. Because Defendant has not answered or otherwise appeared, the facts stated in the Complaint may not be contested. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).

The Complaint and accompanying evidence show that Baxter has failed to pay RHS installments of principal and interest, in violation of the provisions of the liability and security documents described above. RHS accelerated the indebtedness and made demand for payment in full. No payment has been received.

The Court has reviewed the pleadings and the Plaintiff's evidence and finds that the requirements of Fed. R. Civ. P. 55(b) and NECivR 55.1 have been satisfied. The Court will grant the Plaintiff's Motion for Default Judgment and enter judgment accordingly.

IT IS ORDERED:

1. The Plaintiff's Motion for Default Judgment, ECF No. 17, is granted;

2. The Plaintiff is entitled to a decree of foreclosure and order of sale;

3. Judgment in rem is entered against the Defendant Tamra L. Baxter and the real estate which is the subject of this action;

4. As of May 14, 2019, Defendant Tamra L. Baxter owes the Plaintiff $96,645.74 in principal; $26,002.39 in accrued interest; $44,054.52 in interest credit or subsidy subject to recapture; and interest accruing at the

rate of $18.1912 per day from May 14, 2019, until the date of entry of this Default Judgment;

5. Interest will accrue on those sums from and after the date of entry of this decree at the legal rate provided by 28 U.S.C. § 1961 of 1.93% computed daily and compounded annually until paid in full.

6. The amount due to the Plaintiff is the first lien on the following described real estate in Sarpy County, Nebraska: **Lot Five (5) in Highview Addition to Springfield, an Addition to the City of Springfield, as surveyed, platted, and recorded in Sarpy County, Nebraska**;

7. If the costs as indicated below and the amounts found due above, and interest thereon, are not paid within twenty (20) days, all equity of redemption in the real estate will be foreclosed and the real estate will be sold as upon execution in one entire tract;

8. The Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

9. The United States Marshal for the District of Nebraska shall advertise and sell the real estate according to law;

10. Upon execution, the United States Marshal shall report the proceedings under this Default Judgment to the Court and shall deposit the proceeds of the sale, if any, into the registry of the Court;

11. Upon confirmation of said sale, the Clerk of Court shall apply the proceeds as follows:

    a. First, to the payment of Plaintiff's costs, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

    b.    Second, to the payment of the amount found due to the Plaintiff with interest according to law;

    c.    Third, to the payment of the costs of the United States Marshal for per diem and special requirements;

    d.    The Clerk of Court shall retain in the registry of the Court any surplus from the sale until further order of the Court;

12. That costs will be determined, after confirmation of sale, pursuant to the procedures Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska; and

13. Upon confirmation by the Court of the sale by the Court, the United States Marshal shall execute a deed to the purchaser(s), and the parties of this Default Judgment and all persons claiming under them are ordered to deliver possession of said real estate to such purchaser(s).

Dated this 2nd day of July 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge